[Cite as *State v. Franklin*, 2011-Ohio-3052.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 95316 and 96109**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GENESIS FRANKLIN

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-532607, CR-533292 and CR-534183

**BEFORE:** Jones, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

ATTORNEY FOR APPELLANT

Gregory Zitkiewicz
30432 Euclid Avenue
Suite 101
Wickliffe, Ohio 44092


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Diane Russell
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}   Defendant-appellant, Genesis Franklin ("Franklin"), appeals his convictions for drug trafficking.   For the reasons that follow, we affirm.

{¶ 2}   On May 4, 2010, Franklin pleaded guilty to one count of attempted   trafficking in Case No. CR-532607, one count of trafficking with a forfeiture specification in Case No. CR-533292, and one count of trafficking with a forfeiture specification in Case No.

CR-534183. The trial court sentenced Franklin to four years in prison on Case No. CR-532607, one year in Case No. CR-533292 and one year in Case No. CR-534183, to be served consecutively, for a total of six years in prison.

{¶ 3} The cases were separately appealed and we have consolidated them for review and disposition. Franklin raises the following assignment of error for our review:

{¶ 4} "I. The trial court erred by sentencing appellant to the maximum term [o]f imprisonment."

{¶ 5} Franklin argues that the trial court failed to appropriately sentence him because the court failed to make adequate findings on the record. But pursuant to the Ohio Supreme Court's holding in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the trial court was not required to make any findings on the record in order to support the imposition of the sentence. Post-*Foster*, the trial court has full discretion to impose any sentence within the statutory range and is no longer required to make findings or give its reasons for imposing more than the minimum sentences. See id.

{¶ 6} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court established a two-step procedure for reviewing felony sentences. The *Kalish* Court held:

{¶ 7} "In applying *Foster* to the existing statutes, appellate courts must apply a two-step approach. First, [appellate courts] must examine the sentencing court's compliance

with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse of discretion standard."   Id.

{¶ 8}   A sentence is not clearly and convincingly contrary to law where the trial court "consider[s] the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, * * * properly applie[s] postrelease control, and    * * * sentence[s] * * * within the permissible range."   Id. at ¶18.   In addition, so long as the trial court gives "careful and substantial deliberation to the relevant statutory considerations[,]" the court's sentencing decision is not an abuse of discretion.   Id. at ¶20.

{¶ 9}   In this case, Franklin does not assert that his sentence was contrary to law and our review of the record shows that the sentences were within the statutory ranges.   Franklin contends that the trial court did not give "careful and substantial deliberation to the relevant statutory considerations," as mandated by *Kalish*, because the trial court did not take into consideration his drug problems, his desire to seek treatment for his addiction, or his genuine remorse for his crimes.   He also claims the court erred in sentencing him to the maximum sentence.   We disagree.

{¶ 10} At the hearing, the trial court expressly stated it was taking into consideration the factors pursuant to R.C. 2929.11 and 2929.12, that it had reviewed the presentence

investigation report, and found Franklin's conduct was "more serious than conduct known to constitute the charge of the offense" and "a prison sentence was consistent with the purposes and principles of sentencing." The trial court also sentenced Franklin to six years in prison, which was less than the maximum sentence he could have received for his crimes.[1]

{¶ 11} Based on the wide latitude trial courts have been given in sentencing offenders within the statutory limit for each offense, we cannot say that the trial court in this case abused its discretion in sentencing Franklin.

{¶ 12} Therefore, the sole assignment of error is overruled.

{¶ 13} Accordingly, judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1] Franklin pleaded guilty to one felony of the third degree and two felonies of the fifth degree. As such, the maximum sentence he could have received was seven years in prison.

_____
LARRY A. JONES,   JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR